IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Byron Trenell Hamphill-Wooten,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>　　　　　Respondents. | No. CV-23-00567-PHX-ROS<br><br>**ORDER** |

　　　　Magistrate Judge Camille D. Bibles issued a Report and Recommendation ("R&R") recommending the Court deny Petitioner Byron Trenell Hamphill-Wooten's petition for writ of habeas corpus. (Doc. 10). Petitioner filed a document titled "Petition: For Reasons to Controvert the R&R (with good cause showing)." (Doc. 13). The Court will interpret that filing as Petitioner's objections to the R&R.

　　　　Petitioner was convicted in state court of numerous counts of sex trafficking as well as one count of unlawful imprisonment. In these federal proceedings, Petitioner asserted numerous claims including claims that his convictions were not supported by probable cause, his convictions were not supported by sufficient evidence, and his convictions violated the Double Jeopardy clause. The R&R goes through each of Petitioner's claims and theories and explains how they are procedurally defaulted, fail on the merits, or both. In his objections to the R&R Petitioner invokes 28 U.S.C. § 1257(a). (Doc. 13 at 2). That statute grants the United States Supreme Court, and only that court, the "authority to review a state court's judgment." *Exxon Mobil Corp. v. Saudi Basic*

*Indus. Corp.*, 544 U.S. 280, 292 (2005). Petitioner argues that statute "removes direct collateral review from the realm of habeas corpus and all of its restrictions." (Doc. 13 at 3). It is not clear what Petitioner is arguing but § 1257, properly understood, has no application to these proceedings in federal district court.

Beyond invoking 28 U.S.C. § 1257, Petitioner's objections do not present any other clear and specific argument identifying errors in the R&R. Therefore, the R&R will be adopted.[1]

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 10) is **ADOPTED** and the petition for writ of habeas corpus (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of Respondents and terminate this case.

Dated this 15th day of April, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[1] The R&R reasons Petitioner did not exhaust his "sufficiency of the evidence" claim because, during state court proceedings, Petitioner cited *In re Winship*, 397 U.S. 358 (1970), but he did not cite *Jackson v. Virginia*, 443 U.S. 307 (1979). The R&R also concludes the claim can be denied on the merits. (Doc. 10 at 13). Having reviewed the claim, it does fail on the merits. Therefore, the Court need not determine whether Petitioner's citation to *In re Winship* was sufficient to exhaust the claim.